IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA                                              PLAINTIFF

vs.                                                              No. 1:06CR118-D

FUOAD MOHAMED FADEL                                              DEFENDANT

## OPINION DENYING MOTION TO RELEASE FROM FURTHER PROSECUTION

Presently before the court is the Defendant's motion to release from further prosecution, in essence a motion to dismiss the indictment against him or, in the alternative, to sever. Upon due consideration, the court finds that the motion should be denied.

The Defendant in this case is charged in two counts of a thirty-nine count indictment that charges him with, *inter alia*, conspiracy to aid and abet in the distribution of methamphetamine.

It is axiomatic that an indictment is deemed constitutionally sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charge against which he must defend himself, and enables the defendant to adequately plead an acquittal or conviction in bar of future prosecutions for the same offense. United States v. Mann, 517 F.2d 259, 266 (5th Cir. 1975). A facially-sufficient indictment is sufficient to require a trial on the merits of the charge. United States v. Costello, 350 U.S. 359, 363 (1956).

Here, the court finds that the indictment in this case is constitutionally sufficient. The Defendant does not challenge the sufficiency of the indictment itself, but rather argues that the evidence against him is insufficient to support a guilty verdict at trial. As the Supreme Court and Fifth Circuit have held, however, a defendant may not challenge, pre-trial, a facially sufficient indictment on the ground that the allegations are not supported by adequate factual evidence; that is the function of the fact-finder at trial. Costello, 350 U.S. at 363; United States v. Knox, 396 U.S.

77, 90 (1969); United States v. Flores, 404 F.3d 320, 324 (5th Cir. 2005). Accordingly, the court finds that the indictment in this cause is sufficient and the Defendant's motion to release from further prosecution and to dismiss the indictment should be denied.

As for the Defendant's request for severance, the Fifth Circuit has held that "persons indicted together should be tried together, especially in conspiracy cases . . ." United States v. Richards, 204 F.3d 177, 193 (5th Cir. 2000). In addition, joinder of defendants in a conspiracy case is proper where the defendants are alleged to have participated in the same series of acts constituting the lead offense (here, the conspiracy to distribute methamphetamine); an individual defendant's culpability under fewer than all counts in an indictment does not impact the propriety of joinder. United States v. Colatriano, 624 F.2d 686, 688 (5th Cir. 1980); United States v. Chavis, 772 F.2d 100, 111 (5th Cir. 1985).

Severance in a criminal case should not be granted unless a defendant makes a clear showing that (i) a joint trial would prejudice him to such an extent that the district court would be unable to provide adequate protection, and (ii) the prejudice outweighs the government's interest in the economy of judicial administration. Richards, 204 F.3d at 193. Further, a severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 122 L. Ed. 2d 317 (1993).

Here, the Defendant does not assert that he will be prejudiced by proceeding to a joint trial with his co-Defendants; rather, the sole ground listed in support of his request for severance is that "it would not take hardly any time to try this case." Given the aforementioned requirements for severance, the court finds that this stated ground is insufficient; the court finds that a joint trial of

G:\FadelProsec.wpd

2

all remaining Defendants is appropriate. Thus, the court finds that the Defendant's request for severance is without merit.

A separate order in accordance with this opinion shall issue this day.

This the 19th day of October 2007.

/s/ Glen H. Davidson
Senior Judge